UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                   )
ANTWAN MILLER; ABIGAIL WHITE;      )
and TAINAIRIS GARCIA-PEREZ,        )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    C.A. No.
                                   )
RIVER ST. GRILL, INC;              )
GAIL TSOLIRIDES, individually;     )
GEORGE TSOLIRIDES, individually,   )
                                   )
        Defendants.                )
_____)
```

## **PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiffs Antwan Miller, Abigail White, and Tainairis Garcia-Perez for their complaint against the defendants River St. Grill, Inc. ("RSG"), Gail Tsolirides, individually, and George Tsolirides, individually, states as follows:

## **PARTIES**

1. The Plaintiff Antwan Miller ("Mr. Miller") is an adult individual residing in Taunton, Massachusetts.

2. The Plaintiff Abigail White ("Ms. White") is an adult individual residing in Dorchester, Massachusetts.

3. The Plaintiff Tainairis Garcia-Perez ("Ms. Garcia-Perez") is an adult individual residing in Boston, Massachusetts.

4. The Defendant River St. Grill, Inc. ("RSG") is a domestic corporation with a principal place of business located at 73 River Street, Mattapan, MA 02126.

5.  The Defendant Gail Tsolirides ("Ms. Tsolirides") is the President, Treasurer, and Director of RSG. Upon information and belief, Ms. Tsolirides is a resident of the Commonwealth of Massachusetts.

6.  The Defendant George Tsolirides ("Mr. Tsolirides") is the Secretary of RSG. Upon information and belief, Mr. Tsolirides is a resident of the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

7.  Original Jurisdiction in this Court is proper and founded upon 28 U.S.C. § 1331 as this matter involves a federal question that arises under the Constitution, laws or treaties of the United States, namely 29 U.S.C. 207(a)(1). Pendent jurisdiction of the Plaintiffs' state law claims is founded upon 28 U.S.C. § 1367.

8.  Venue in this judicial district is proper and founded upon 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

### FACTS REGARDING MR. MILLER, MS. WHITE, AND MS. GARCIA-PEREZ

9.  RSG is an independent restaurant in Mattapan, Massachusetts that offers counter-service dining, food take-out, and food take-out delivery.

10. Upon information and belief, RSG has an annual dollar volume of sales or business transacted of at least $500,000.00.

11. RSG employed Mr. Miller as a food take-out delivery driver from in or about 2008 until in or about September 2015. As a delivery driver, Mr. Miller was responsible for organizing food take-out orders and delivering them to patrons.

12. RSG employed Ms. White and Ms. Garcia-Perez as counter-servers and cooks. In their positions, Ms. White and Ms. Garcia-Perez were responsible for taking food orders from patrons in the restaurant and on the phone, serving the orders to the patrons in the restaurant, and preparing and/or cooking the food for the orders.

13. RSG employed Ms. White from in or about February 2014 until in or about March 2015.

14. RSG employed Ms. Garcia-Perez from in or about March 2015 until in or about July 2015.

15. Mr. Miller, Ms. White and Ms. Garcia-Perez (collectively, the "Plaintiffs") regularly worked 44 to 55 hours each week.

16. RSG paid the Plaintiffs on a weekly basis. RSG's weekly pay period included the hours that each of the Plaintiffs worked every week from Sunday through Saturday. RSG issued paychecks to the Plaintiffs on the Saturday that ended each pay period.

17. During multiple pay periods, RSG paid each of the Plaintiffs an hourly rate that was below minimum wage in Massachusetts.

18. For example, in a check dated May 2, 2015, RSG paid Mr. Miller only $155.91 -- despite the fact that he had worked at least 44 hours during the relevant pay period. See Exhibit A.

19. In a check dated February 28, 2015, RSG paid Mr. Miller only $155.91 -- despite the fact that he had worked at least 44 hours during the relevant pay period. See Exhibit B.

20. In a check dated July 26, 2014, RSG paid Ms. White only $155.91 -- despite the fact that she had worked at least 44 hours during the relevant pay period. See Exhibit C.

21. In a check dated December 20, 2014, RSG paid Ms. White only $155.91 -- despite the fact that she had worked at least 44 hours during the relevant pay period. See Exhibit D.

22. Additionally, RSG did not pay the Plaintiffs an hourly rate equal to one and one half times their regular hourly rates for the hours that they worked in excess of 40 hours during multiple pay periods.

23. Instead, RSG paid the Plaintiffs their regular hourly rate for the overtime hours that they worked in a given pay period.

24. The Plaintiffs filed complaints with the Massachusetts Attorney General's Office regarding their wage and hour claims prior to initiating this action.

## FACTS REGARDING MR. MILLER

25. During each shift, Mr. Miller regularly received tips from patrons to whom he delivered food take-out orders.

26. In connection with food delivery take out orders, it was RSG's practice and policy to collect a "delivery charge" in the amount of $2.00 from each patron who placed an order for delivery. See Exhibit E.

27. RSG did not provide a designation or written description which informed the patron that the "delivery charge" did not represent a tip or service charge for its delivery drivers, including Mr. Miller. See id.

28. Accordingly, this "delivery charge" was a tip under Massachusetts law and, therefore, Mr. Miller was entitled to keep each and every "delivery charge" that RSG collected from each and every patron to whom Mr. Miller delivered food.

29. Despite the fact that the "delivery charge" was a tip, RSG did not remit the entire "delivery charge" to Mr. Miller that it collected from the patrons to whom he delivered food.

30. From the date that Mr. Miller started working for RSG until in or about January 2015, RSG retained the entire "delivery charge."

31. From in or about January 2015 until Mr. Miller stopped working for RSG, the restaurant retained half of the "delivery charge" and remitted the other half to Mr. Miller.

32. Additionally, RSG did not reimburse Mr. Miller for any of the travel expenses that he incurred while making take-out deliveries.

33. Specifically, RSG did not reimburse Mr. Miller for the gasoline that he purchased for, or the use of, his personal motor vehicle to make food take-out deliveries for, and at the direction, of RSG.

**FACTS REGARDING MS. WHITE AND MS. GARCIA-PEREZ**

34. Throughout their tenure with RSG, Ms. White and Ms. Garcia-Perez spent at least half of their time during each shift cooking and/or preparing food for patrons' orders.

35. Despite the fact that RSG employed both Ms. White and Ms. Garcia-Perez in dual roles – 1) as wait staff employees and 2) as cooks – RSG paid them less than

5

minimum wage, or a service rate, for all of the hours that they worked, including the time that they spent preparing and/or cooking food.

36. During each of their shifts, Ms. White and Ms. Garcia-Perez collected tips from patrons and pooled them together.

37. At the end of each shift, RSG's general manager, Karen Finn ("Ms. Finn"), distributed an equal share of the tip pool to Ms. White and/or Ms. Garcia-Perez and/or any other counter-service employee and/or cook who had been working.

38. Furthermore, RSG permitted Ms. Finn to take a pro rata share of the tip pool and, thereby, prevented Ms. White and/or Ms. Garcia-Perez from retaining all of the tips that they collected.

**COUNT I**
VIOLATIONS OF 29 U.S.C. 207(a)(1)
*As to Mr. Miller, Ms. White, and Ms. Garcia-Perez*

39. The Plaintiffs re-allege and incorporate paragraphs 1 through 38 above as if fully set forth herein.

40. As described above, the Plaintiffs regularly worked 44 to 55 hours each week during their tenure with RSG.

41. Despite regularly working in excess of 40 hours each week, RSG did not pay the Plaintiffs an hourly rate equal to one and one half times their regular hourly rate for all of the hours that they worked in excess of 40 during multiple pay periods.

42. Accordingly, RSG's failure to pay the Plaintiffs an hourly rate equal to one and one half times their regular hourly rate for all of the hours that they worked in excess of 40 caused them to suffer damages in an amount to be proven at trial.

## COUNT II
### VIOLATIONS OF M.G.L. c. 149, § 152A
*As to Mr. Miller*

43. The Plaintiff re-alleges and incorporates paragraphs 1 through 42 above as if fully set forth herein.

44. RSG collected a $2.00 "delivery charge" from each patron who made a delivery order.

45. RSG did not provide a designation or written description which informed the patron that the delivery charge did not represent a tip or service charge for its delivery drivers, including Mr. Miller.

46. Accordingly, this "delivery charge" was a tip and, therefore, Mr. Miller was entitled to keep each and every "delivery charge" that RSG collected from each and every patron to whom Mr. Miller delivered food.

47. Despite Mr. Miller's statutory entitlement to this tip, RSG did not remit the entire "delivery charge" to Mr. Miller and instead retained part or all of the "delivery charge."

48. By retaining part or all of the "delivery charge" and not remitting the entire "delivery charge" to Mr. Miller, RSG failed to pay wages due and owing to Mr. Miller and he has suffered damages in an amount to be proven at trial.

## COUNT III
### VIOLATIONS OF M.G.L. c. 151, §§ 1, 2, and 7
*As to Mr. Miller*

49. The Plaintiff re-alleges and incorporates paragraphs 1 through 48 above as if fully set forth herein.

50. RSG collected an "automatic delivery" charge, from each patron to whom Mr. Miller made deliveries on behalf of RSG.

51. RSG did not provide a designation or written description which informed the patron that the delivery charge did not represent a tip or service charge for its delivery drivers, including Mr. Miller.

52. Accordingly, this "delivery charge" was a tip and, therefore, Mr. Miller was entitled to keep each "delivery charge" that RSG collected from each patron to whom Mr. Miller made deliveries on behalf of RSG..

53. RSG did not remit the entire "delivery charge" to Mr. Miller and, instead, retained part or all of the "delivery charge" itself.

54. Because RSG prevented Mr. Miller from retaining all of his tips, RSG was not permitted to pay Mr. Miller a service rate and/or hourly rate that was less than minimum wage.

55. Accordingly, RSG's failure to pay Mr. Miller an hourly rate that was equal to or more than minimum wage caused him to suffer damages in an amount to be determined at trial.

**COUNT IV**
VIOLATIONS OF M.G.L. c. 149, § 152A
*As to Ms. White and Ms. Garcia-Perez*

56. The Plaintiffs re-allege and incorporate paragraphs 1 through 55 above as if fully set forth herein.

57. During each of their shifts, Ms. White and Ms. Garcia-Perez collected tips from patrons and pooled them together.

58. At the end of each shift, Ms. Finn distributed a pro rata share of the tip pool to Ms. White and/or Ms. Garcia-Perez and/or any other counter-service employee and/or cook who had been working.

59. Additionally, RSG caused and/or permitted Ms. Finn to take a pro rata share of the tip pool and thereby prevented Ms. White and/or Ms. Garcia-Perez from retaining all of the tips that they collected.

60. Because RSG caused and/or permitted Ms. White and Ms. Garcia-Perez to participate in a tip pool through which they remitted a portion of their tips for distribution to Ms. Finn, a manager and non-wait staff employee, RSG has caused Ms. White and Ms. Garcia-Perez to suffer damages in an amount to be determined at trial.

### COUNT V
VIOLATIONS OF M.G.L. c. 151, §§ 1, 2, and 7
*As to Ms. White and Ms. Garcia-Perez*

61. The Plaintiffs re-allege and incorporate paragraphs 1 through 60 above as if fully set forth herein.

62. During each of their shifts, Ms. White and Ms. Garcia-Perez collected tips from patrons and pooled them together.

63. At the end of each shift, Ms. Finn distributed a pro rata share of the tip pool to Ms. White and/or Ms. Garcia-Perez and/or any other counter-service employee and/or cook who had been working.

64. Additionally, RSG caused and/or permitted Ms. Finn to take a pro rata percentage of the tip pool and thereby prevented Ms. White and/or Ms. Garcia-Perez from retaining all of the tips that they collected.

9

65. Because RSG prevented Ms. White and Ms. Garcia-Perez from retaining all of the tips that they collected, RSG was not permitted to pay them a service rate and/or hourly rate that was less than minimum wage.

66. Accordingly, RSG's failure to pay Ms. White and Ms. Garcia-Perez an hourly rate that was equal to or more than minimum wage caused them to suffer damages in an amount to be determined at trial.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs Antwan Miller, Abigail White, and Tainairis Garcia-Perez pray that this Court:

   i. Enter judgment on Count I and award single damages, double damages, attorneys' fees, costs, and interest in an amount to be determined at trial;

   ii. Enter judgment on Count II-V and award treble damages, attorneys' fees, costs, and interest in an amount to be determined at trial;

   iii. Such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs Antwan Miller, Abigail White, and Tainairis Garcia-Perez demand a jury trial on all issues so triable.

                                              Respectfully submitted,

                                              Plaintiffs Antwan Miller, Abigail White, and Tainairis Garcia-Perez

                                              By their attorneys,

                                              <u>/s/ Robert S. Messinger BBO #651396</u>
                                              John P. Regan, Jr.  BBO #684326
                                              Regan, Lane & Messinger LLP
                                              41 Winter St., 5th. Floor
                                              Boston, MA 02108
                                              T: (857) 277-0902
                                              F: (617) 778-9742
                                              rob@reganlanemessinger.com
Dated: December  29, 2015                john@reganlanemessinger.com

11